IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONIDES VALLE, HORACIO PADILLA, and LUIS RINCON PONCE on behalf of themselves and similarly situated persons, known and unknown, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| REPUBLIC RESTAURANT CORP, Y & Z ORIENTAL CORPORATION, SHINE RESTAURANT CORP, and JIA GONG ZHANG | ) ) ) ) ) | Magistrate Judge |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Leonides Valle, Horacio Padilla, and Luis Rincon Ponce, (hereafter "Plaintiffs") on behalf of themselves and all other similarly situated employees, known and unknown, through their attorneys, for their Complaint against Defendants Republic Restaurant Corp, Y & Z Oriental Corporation, Shine Restaurant Corporation, and Jia Gong Zhang (hereafter "Defendants") state as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants': 1) failure to pay Plaintiffs at least the federally and Illinois-mandated minimum wages for all time worked in violation of the FLSA and the IMWL; and 2) failure to pay overtime wages to Plaintiffs in violation of the FLSA and the IMWL. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs and other similarly situated

employees their earned and living wages. For the claims arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b).

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred within this judicial district.

## III. PARTIES

**Plaintiff**

3. During the course of his employment, Plaintiffs:

   a. handled goods that moved in interstate commerce;

   b. Were an "employee" of Defendants as that term is defined by the FLSA, and the IMWL;

   c. Have resided in and been domiciled in the state of Illinois and within this judicial district.

**Defendants**

4. Within the relevant time period, Defendant Republic Restaurant Corp:

   a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

   b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the

        production of goods for commerce, within the meaning of Section 3(s)(1)(A);

    c. Has had two or more employees that have handled goods that have moved in interstate commerce;

    d. Has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq.*

5. Within the relevant time period, Defendant Y & Z Corporation.:

    a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

    b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

    c. Has had two or more employees that have handled goods that have moved in interstate commerce;

    d. Has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq.*

6. Within the relevant time period, Defendant Shine Restaurant Corporation:

    a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

    b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the

      production of goods for commerce, within the meaning of Section 3(s)(1)(A);

    c. Has had two or more employees that have handled goods that have moved in interstate commerce;

    d. Has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq*.

7. During the relevant time period, Defendant Jia Gong Zhang:

    a. Has been a principal officer of Defendants Republic Restaurant Corp, Y & Z Corporation, and Shine Restaurant Corporation;

    b. Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize payment of wages to Plaintiffs, to sign on the company's checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and employment policies and practices;

    c. Was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and IMWL, 820 ILCS 105/3(c); and

    d. Resides in this judicial district.

## FACTUAL BACKGROUND

8. Within the three years prior to the filing of this lawsuit, Plaintiffs were employed by Defendants to work as cooks at one or more of Defendant's Asian cuisine restaurants.

9. Defendant Republic Restaurant Corp did business as "Sushi Taiyo" during the relevant time period.

10. Defendant Y & Z Corporation has done business as "Rise" during the relevant time period.

11. Defendant Shine Restaurant Corporation has done business as "Shine" during the relevant time period.

12. Within the three years preceding the filing of this lawsuit Plaintiff Leonides Valle worked for Defendants the Sushi Taiyo restaurant as well as at their Rise restaurant.

13. Within the three years preceding the filing of this lawsuit Plaintiff Horacio Padilla worked for Defendants the Sushi Taiyo restaurant as well as at their Shine restaurant.

14. Within the three years preceding the filing of this lawsuit Plaintiff Luis Rincon worked for Defendants the Sushi Taiyo restaurant as well as at their Shine restaurant.

15. Defendants Republic Restaurant Corp, Y & Z Corporation, and Shine Restaurant Corporation, are commonly owned and operated by Defendant Jia Gong Zhang and operate as a unified operation.

16. Defendants Republic Restaurant Corp, Y & Z Corporation, and Shine Restaurant Corporation, share or shared common human resources during the relevant time period.

17. Defendants Jia Gong Zhang, Republic Restaurant Corp, Y & Z Corporation, and Shine Restaurant Corporation shared control over Plaintiffs' and other similarly situated employees' employment.

18. For example, Defendant Jia Gong Zhang and his managers directed employees of Republic Restaurant Corp, Y & Z Corporation, and Shine Restaurant Corporation to move from one restaurant to another without having to re-apply for work at any of the other restaurants operated by Defendant regardless of which restaurant Plaintiffs or similarly situated employees were originally hired by.

19. Within the three years prior to the filing of this lawsuit, Defendants regularly directed Plaintiffs and similarly situated hourly employees to work in excess of forty hours but Defendants failed to pay Plaintiffs at time and half Plaintiffs' regular rate.

20. Defendants misclassified Plaintiffs by paying Plaintiffs a fixed salary for all hours that Plaintiffs worked during individual work weeks within the three years preceding the filing of this lawsuit.

21. The salary that Defendants paid to Plaintiffs did not vary with the hours that Plaintiffs worked each individual work week.

22. The salary that Defendant paid to Plaintiffs was not sufficient to compensate Plaintiffs at the federally and Illinois-mandated minimum rate of pay for all time worked.

23. Plaintiffs were not exempt from the minimum wage and overtime pay requirements of the FLSA and the IMWL.

24. Other similarly situated employees were also misclassified and paid at fixed salary for all time worked including all hours worked in excess of forty per week.

25. Other similarly situated employees were not paid at time and a half their regular rate of pay for all time worked in excess of forty hours per week.

26. Other similarly situated employees were not paid the federally and Illinois-mandated minimum rate of pay for all time worked.

27. Defendants' failure to compensate Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours per week at Plaintiffs' straight time rate violated the overtime requirements of the FLSA and the IMWL.

28. Defendants' failure to compensate Plaintiffs and similarly situated employees the federally and Illinois mandated rate of pay violated the requirements of the FLSA and the IMWL.

## CLASS ACTION ALLEGATIONS

29. Plaintiffs will seek to certify as a class action pursuant to FRCP Rule 23 their state law claims arising under the IMWL for unpaid minimum wages (Count II) and for unpaid overtime wages (Count IV). Plaintiffs will ask the Court to determine the rights of the parties pursuant to that statute and to direct Defendants to account for all hours worked and wages paid to the class members during the temporality of the class.

30. Counts II and IV, are brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

   a. The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Plaintiffs believe that Defendants have employed and misclassified in excess of fifty (50) individuals during the IMWL, Class Period.

   b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of fact and law include, without limitation:

      i. Whether Defendants failed to pay Plaintiffs and the Class Illinois mandated minimum wages for all time worked on individual work weeks during the IMWL Class period

      ii. Whether Defendants failed to pay Plaintiffs and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

   c. The class representatives and the members of the class have been equally affected by Defendants' failure to pay minimum wages and overtime wages.

      d.      Members of the class will be reluctant to bring forth claims for unpaid wage violations for fear of retaliation.

      e.      The class representatives, class members, and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating hardship on the class members, Defendants, and the Court.

31.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the Fair Labor Standards Act- Minimum Wages
*Section 216(b) Collective Action*

32.    Plaintiffs incorporate and re-allege paragraphs 1 through 31 of this Complaint, as though set forth herein.

33.    The matters set forth in this Count arise from Defendants' violation of the minimum wage provisions of the FLSA.

34.    Defendant suffered and permitted Plaintiffs to work, and Plaintiffs did in fact perform work for Defendants, but Defendants did not compensate them at least at the federal minimum wage rate for all time worked.

35.    Defendants likewise suffered and permitted other similarly situated employees to work who did, in fact, perform work for Defendants but did not compensate them at least at the federal minimum wage rate for all time worked.

36. Plaintiffs and other similarly situated employees were not exempt from the minimum wage provisions of the FLSA and were entitled to be compensated at least at the federal minimum wage rate.

37. Defendants violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees at least at the federal minimum wage rate for all time worked.

38. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid minimum wages;

C. Liquidated damages in the amount equal to the unpaid minimum wages;

D. That the Court declare that Defendants have violated the FLSA;

E. That the Court enjoin Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

## COUNT II
### Violation of the Illinois Minimum Wage Law- Minimum Wages
*Plaintiffs on behalf of themselves and similarly situated employees*

39. Plaintiffs incorporate and re-allege paragraphs 1 through 38 of this Complaint, as though set forth herein.

40. The matters set forth in this Count arise from Defendants' violation of the minimum wage provisions of the IMWL. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

41. Defendants suffered and permitted Plaintiffs to work, and Plaintiffs did in fact perform work for Defendants, but were not compensated at least the Illinois-mandated minimum wages for all time worked.

42. Defendants likewise suffered and permitted other similarly situated employees to work who did, in fact, perform work for Defendants but did not compensate them at least at the Illinois minimum wage rate for all time worked.

43. Pursuant to 820 ILCS 105/4, Plaintiffs and similarly situated employees were entitled to be compensated the Illinois-mandated minimum wages for all time worked.

44. Defendants violated the IMWL by failing to compensate Plaintiffs and similarly situated employees at least the Illinois-mandated minimum wage rate for all time worked.

45. Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

46. The Class that Plaintiffs seek to represent in regard to the minimum wage claim arising under the IMWL is composed of and defined as all non-managerial employees who have been employed by Defendants since March 9, 2013 up through and including the date of filing of this lawsuit who have been paid on a salary basis.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all unpaid minimum wage as provided by the IMWL;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendants have violated the IMWL;

E. That the Court enjoin Defendants from violating the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

G. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act- Overtime Wages
*Section 216(b) Collective Action*

47. Plaintiffs incorporate and re-allege paragraphs 1 through 46 of this Complaint, as though set forth herein.

48. The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

49. Defendants suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendants.

50. Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked.

51. Plaintiffs and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

52. Defendants violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

53. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

    C.    Liquidated damages in the amount equal to the unpaid overtime wages;

    D.    That the Court declare that Defendants have violated the FLSA;

    E.    That the Court enjoin Defendants from violating the FLSA;

    F.    Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

## COUNT IV
**Violation of the Illinois Minimum Wage Law- Overtime Wages**
*Plaintiff on behalf of themselves and similarly situated employees*

54.    Plaintiffs incorporates and re-alleges paragraphs 1 through 53 of this Complaint, as though set forth herein.

55.    The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the IMWL.

56.    Defendants suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendants.

57.    Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half his regular rate for all time worked

58.    Plaintiffs and similarly situated employees were not exempt from the overtime wage provisions of the IMWL and were entitled to be compensated at time and a half their regular rate of pay for all time worked in excess of forty hours per week.

59.    Defendants violated the IMWL by failing to compensate Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiffs' regular rate of pay.

60. Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

61. The Class that Plaintiffs seek to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as non managerial employees who have been employed by Defendants since March 9, 2013 up through and including the date of filing of this lawsuit, and have been paid on a salary basis.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all overtime wages due to Plaintiffs and the Class as provided by the IMWL;

C. Statutory damages for Plaintiffs and the Class pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendants have violated the IMWL;

E. That the Court enjoin Defendants from violating the IMWL

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: March 9, 2016

s/Alvar Ayala
Alvar Ayala
Christopher J. Williams
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiffs' Attorneys